1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| MIRIAM MICHELLE MENDOZA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GENERAL MOTORS LLC, GENERAL MOTORS CORPORATION, CHEVROLET DIVISION OF GENERAL MOTORS, MOTORS LIQUIDATION COMPANY AND DOES 1 TO 15,<br><br>　　　　Defendants. | Case No. 1:16-cv-00967-LJO-JLT<br><br>**ORDER GRANTING JOINT PROTECTIVE ORDER AS MODIFIED BY THE COURT**<br><br>(Doc. 18) |

# PROPOSED JOINT PROTECTIVE ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Before the Court is the parties' Joint Motion for Entry of Protective Order filed January 12, 2017. Accordingly, the Court finds the Defendant's Motion should be and is hereby **GRANTED**.

**WHEREAS**, documents or information proprietary to GM LLC and/or its component parts suppliers containing confidential, financial, proprietary, technical and commercial information may be produced or disclosed during the course of discovery in this litigation;

**WHEREAS**, disclosure of such confidential information might be severely injurious to GM LLC, placing it at a competitive disadvantage within the industry;

**WHEREAS**, good cause has been shown for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c); and

**WHEREAS**, the parties wish to proceed with discovery in this action without burdening the Court with unnecessary procedural litigation.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following rules and procedures shall govern confidential, proprietary, or commercially sensitive documents and information produced by or through GM LLC in this action:

1. Any document, data, or other material, including but not limited to photographs, drawings, films, videotapes, electronically stored information or other data ("documents"), which contain commercially sensitive or proprietary information may be designated as confidential by the producing party. All such documents designated as confidential, and copies thereof, shall be marked "Subject to Protective Order" or "Confidential" or with substantially similar language and shall not obscure any textual material in the document.

2. Prior to the disclosure of any documents or information covered by this Order, the attorney making such disclosure shall furnish a copy of this Order to the

person, firm or corporation to whom the documents or information contained therein is to be disclosed, and shall advise such person that, pursuant to this Protective Order, such documents or information contained herein, may not be divulged or disseminated, in any way, to any other person, firm or corporation. No person to whom documents or information subject to restricted access are disclosed pursuant to the provisions of this Order shall disclose the materials to any person not entitled, under the terms of this Order, to receive it. Confidential material and any copy thereof and any notes or summaries made therefrom shall not be used by any party receiving it, including such party's attorneys or other representatives including expert witnesses, for purposes other than allowed by this Protective Order.

3. All such recipients of protected documents or information shall, by receiving documents or information produced subject to this Protective Order, submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purposes of any action seeking to enforce the terms and conditions of this Order or any action for contempt for violation of the terms of this Order. All persons to whom the information is disclosed will provide their name, address and telephone number as provided on the attached Exhibit A, evidencing their agreement to the terms of this Order. Exhibit A will be maintained by the counsel for either party who provided the information subject to this Protective Order to the third-party. The names, addresses, and telephone numbers of all experts who are shown protected documents or information pursuant to this Protective Order shall be entered on Exhibit A.

4. All Parties and/or their counsel to whom confidential information is disclosed pursuant to Paragraph 18(i) of this Order will also include in Exhibit A the name of the law firm with which they are associated and the case name, cause number, and venue of the pending litigation. The Parties and/or their counsel to whom copies of the protected documents are provided must acknowledge, in writing, that he or she will be bound by the terms and conditions of this Protective Order, and

1 will submit to the jurisdiction of the United States District Court for the Eastern
2 District of California, in connection with any proceedings in connection with
3 enforcement. All Parties and/or their counsel to whom copies of the protected
4 documents are provided pursuant to Paragraph 18(i) are bound by the provisions of
5 this Order, and may not further disseminate protected documents without the express
6 consent of GM LLC or by further order of this Court.

7      5.    The parties shall undertake, in good faith, to designate as confidential
8 only those documents which they believe contain commercially sensitive or
9 proprietary information.

10     6.    The parties shall not disseminate confidential documents or information
11 produced pursuant to this Protective Order, except as otherwise provided herein.

12     7.    Confidential documents and information, and any copies thereof, may be
13 disclosed to deponents during the course of their preparation for, and the taking of,
14 their depositions. Prior to the disclosure of such documentation or information to a
15 deponent, the attorney making the disclosure shall have the deponent sign Exhibit A
16 and advise the deponent to whom the documents or information contained therein are
17 to be disclosed that, pursuant to this Order, such deponent may not divulge any such
18 documents or information contained therein to any other person, firm or corporation.

19     8.    In the event that a party intends to include such confidential documents
20 or information with, or the contents thereof are in any way disclosed by, any
21 pleading, motion, deposition transcript, or other paper intended to be filed with the
22 Court, the party seeking to file such documents and information shall inform the party
23 that produced the confidential document before filing such documents and
24 information with the Court, and the party that produced the confidential document
25 will have 10 days from the date of such notice to object to the filing and ~~file motions~~
26 ~~to lodge the documents with the court and file them under seal~~ <u>comply with Local</u>
27 <u>Rule 141</u>. If the party that produced the confidential documents objects ~~and files~~
28 ~~motions to lodge the documents with the Court and file them under seal within 10~~

~~days following the party's notice, such documents and information shall not be filed or otherwise disclosed until the Court hears the matter and rules on whether the documents and information must be filed under seal~~, <u>the producing party may object according to Local Rule 141</u>. GM LLC believes that the sealing is necessary because (a) GM LLC has a specific, serious, and substantial proprietary interest in sealing such documents, (b) there is no adverse effect that sealing of these documents will have upon the general health and public safety, and (c) there is no less restrictive means than sealing the records that will adequately and effectively protect GM LLC's proprietary interests.

9. This Order will in no way restrict use of the information and materials covered by this Order at trial or other hearing, subject to the provisions of Paragraph 8, sealing by the Court, and/or except as specifically provided by order of the Court directly addressing such use. Nothing in this Joint Protective Order is meant to preclude or inhibit the public trial of this case.

10. At any time prior to final judgment, any party may object to the designation of any document as confidential. The objecting party shall notify all other parties of the specific documents or things by bates number with regard to which the objecting party wishes the Protective Order to be lifted. The producing party then has 30 days to de-designate the challenged materials, meet and confer, and/or seek judicial relief. Pending such determination (or the expiration of the period in which the producing party can seek judicial relief), the document shall be maintained as confidential material. If no objection is made as set forth in this paragraph, with regard to any document or information, the "Confidential" status shall become permanent.

11. After termination of this litigation, the provisions of this Order shall continue to be binding upon all individuals who were ever, at any time, bound hereby, except with respect to those documents and information which become a matter of public record. This Court hereby retains and shall have continuing

4

jurisdiction over each and every party who receives copies of confidential documents or information hereunder, and their attorneys and experts, for enforcement of the provisions of this Order following termination of this litigation. Consent to the continuing personal jurisdiction of this Court for enforcement of this Order shall be deemed given any person receiving "Confidential" documents or information hereunder.

12. Neither the terms of this Order nor any action in compliance with it shall operate as an admission of the confidentiality of the information or document or will in any way prejudice the rights of the parties to seek Court determination of whether the documents or information may be disclosed or whether it will remain subject to the terms of the Order.

13. Counsel of record for each party to this litigation shall within sixty (60) days of the conclusion of litigation, including appeals, produce to counsel for each other party a list in the format identified as Exhibit A of the names of each person to whom confidential materials and information covered by this Order has been disclosed.

14. Any notes, memoranda, summaries, identification or indexes related to any of the confidential documents or information produced during the course of this litigation shall not be disseminated to any persons other than those specifically authorized by this Order.

15. Some of GM's design information for the vehicle at issue in this case is maintained at General Motors as "Math Data." The Math Data consists of two dimensional and three dimensional mathematical representations of the vehicle components and assemblies. GM believes these Math Data files are commercially sensitive to GM; and a competitor, counterfeiter, or other manufacturer who obtained these files could immediately begin mass producing components in direct competition with GM at a significant cost savings. Moreover, GM believes the electronic format of this two and three dimensional Math Data could allow uncontrolled, mass

dissemination of this data via the Internet, without the ability to determine the identity of the recipients or sender. GM further believes this would be commercially devastating for GM. As such, this data will be treated as follows for purposes of this case. All Math Data files will be produced in JT file format on CDs that contain only JT files that can be viewed via publicly available software such as JT2go. This data shall remain the property of General Motors and shall be subject to this Protective Order notwithstanding any change or modification to the data. The CDs containing JT files will be labeled with the case name and a designation indicating that these files cannot be produced to individuals unrelated to this case. The designation shall contain the following notation: "<u>Access Restricted to Miriam Michelle Mendoza v General Motors LLC only. This Data Cannot Be Disseminated To Persons Who Are Not Involved With This Case.</u>"

16.   Additionally, certain documents and information to be produced will include personal information of third parties that is protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, (such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident); Social Security Numbers; health information relating to the past, present, or future physical or mental health or condition of an individual; the provisions of health care to an individual, or the past, present, or future payment for the provisions of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers, or any personal e-mail addresses or other personal contact information (collectively referred to as "Personal Information"). When the Producing Party reasonably believes that the documents or information includes Personal Information, the documents or information will be labeled with the case name and a designation indicating that these files cannot be

produced to individuals unrelated to this case. The designation shall contain the following notation: "<u>Access Restricted to Miriam Michelle Mendoza v General Motors LLC only. This Document Cannot Be Disseminated To Persons Who Are Not Involved With This Case</u>."

17. All Math Data files as well as all documents and information containing Personal Information and designated with the labels described in Paragraphs 15 and 16 shall be disseminated, used, disclosed, or otherwise made available only to the following persons and only when needed by them in connection with their duties in connection with this action.

    (a)    Attorneys of record in this action and their partners or associate attorneys;

    (b)    Any persons regularly employed by such attorneys of their firms, when working in connection with this action under the supervision of partners of associate attorneys of said firms;

    (c)    Any independent expert, attorney, consultant or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts consultants or similar persons when working in connection with this action under the supervision of said person;

    (d)    The officers, directors or employees of a party to this litigation, only to the extent that such persons are assisting counsel for the party in the conduct of this litigation;

    (e)    The Court;

    (f)    Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

    (g)    Witnesses/Deponents, either by deposition or trial testimony, who may be shown and questioned about the confidential material; and

    (h)    Mediators and other individuals agreed to by the Parties or appointed by

the Court in this matter.

18. Other confidential documents or information produced subject to this Order but which do not exhibit the restricted access designation identification in Paragraphs 15 and 16 of this Order, and any copies thereof, may be made available only to the following persons:

(a) Attorneys of record in this action and their partners or associate attorneys;

(b) Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of partners or associate attorneys of said firms;

(c) Any independent expert, attorney, consultant or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the supervision of said persons;

(d) The officers, directors or employees of a party to this litigation, only to the extent that such persons are assisting counsel for that party in the conduct of this litigation;

(e) The Court;

(f) Court Reporters or other official personnel reasonably required for the preparation of transcript or testimony;

(g) Witnesses/Deponents, either by deposition or trial testimony, who may be shown and questioned about the confidential material;

(h) Mediators and other individuals agreed to by the Parties or appointed by the Court in this matter; and

(i) Parties and/or their counsel investigating claims for the purpose of litigation or involved in pending litigation against General Motors relating to 1996–2005 Chevrolet Astro and GMC Safari Passenger Vans

in which it is alleged that a third-row occupant was injured in a rear-impact collision due to an allegation of defect to the seat, seatbelt, interior crashworthiness, or rear structure crashworthiness systems. If Plaintiff believes it warranted after additional discovery, Plaintiff may move the Court to increase the scope of this sharing provision to other claims involving 1996–2005 Chevrolet Astro and GMC Safari Passenger Vans. GM LLC may oppose such relief.

19. The Parties will review their document productions for responsiveness, privilege, and confidentiality. Regardless of the steps taken to prevent disclosure, if a party produces information that it later discovers, or in good faith later asserts, to be privileged, non-responsive, or otherwise protected from disclosure, the production of that information will not necessarily constitute a waiver of any applicable privileges, relevance objections, or other protection, and the party receiving the privileged, non-responsive, or protected information may not argue that the producing party failed to take reasonable steps to prevent production of the privileged or protected materials. If a party produces privileged documents, the party may request, in writing, to claw back specific documents by referencing the Bates numbers or otherwise identifying the document. Upon such request, the receiving party shall treat the information as privileged or protected, and will comply with reasonable requests for the return or destruction of the information.

20. Unless expressly indicated in writing by Defendant producing the documents, all documents or other materials Defendant designates as "Confidential" or "Subject to Protective Order" under Paragraph 1 are hereby stipulated by Defendant to be authentic business records of Defendant.

21. This Order does not preclude Plaintiff or her counsel from reporting any alleged safety defect or concerns to the National Highway Traffic Safety Administration ("NHTSA") or any governmental agency with the authority to study public safety issues pertinent to the product at issue. However, Plaintiff may not

share GM's confidential documents with NHTSA or any governmental agency without prior consent of GM, except as required to comply with a court order.  Any request for disclosure of GM's confidential documents should be directed to GM.

22. No copies of any documents or information subject to restricted access shall be made or furnished, and no information contained therein shall be disclosed to any person, expert, firm, or corporation except those identified in this Order, without prior written consent of the producing party, or its attorneys of record in this cause.

23. This Protective Order, and its terms, may be modified by any subsequent Protective Order to which the Parties have agreed and/or which is entered by this Court. Any such subsequent Protective Order will be effective after it is signed by the Court, and only for the period of time specified in such Protective Order. After each such Protective Order expires, this Order shall once again be effective.

24. All stamped confidential documents and all existing copies thereof (other than exhibits of record) shall be either destroyed by Plaintiff's counsel who will certify that destruction, or returned to the party or person that produced such documents or its attorneys of record, within sixty (60) days of the conclusion of this litigation, including appeals. No copies of confidential documents or information covered by this Order shall be retained, for any reason whatsoever, by any person, firm, or corporation, including attorneys.

**ORDER**

With the modification made by the Court in paragraph 8, the stipulated protective order is **GRANTED**.

IT IS SO ORDERED.

Dated:   **January 17, 2017**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

I, the undersigned, acknowledge that I have read the Protective Order entered in the United States District Court for the Eastern District of California, for the case of <u>Miriam Michelle Mendoza v General Motors LLC</u>, Case No. 1:16-CV-00967-LJO-JLT, understand the terms thereof, agree to be bound by such terms, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Protective Order.

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**LAW FIRM** _____

**CASE NAME** _____

**CAUSE NO.** _____

**VENUE** _____

---

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**LAW FIRM** _____

**CASE NAME** _____

**CAUSE NO.** _____

**VENUE** _____

---