# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM MICHELLE MENDOZA, | ) Case No.: 1:16-cv-0967 - LJO - JLT |
| Plaintiff, | ) <br> ) ORDER DENYING DEFENDANT'S <br> ) APPLICATION FOR AN ORDER SHORTENING |
| v. | ) TIME FOR THE MOTION TO MODIFY THE <br> ) COURT'S SCHEDULING ORDER (Doc. 35) |
| GENERAL MOTORS LLC, et al., | ) |
| Defendants. | ) ORDER SETTING DEFENDANT'S MOTION FOR <br> ) HEARING ON DECEMBER 11, 2017. <br> ) |

General Motors LLC has filed an ex parte application to shorten time to hear its motion to modify the Court's Scheduling Order related to the disclosure of expert witnesses. (Doc. 35) For the reasons set forth below, Defendant's motion is **DENIED**.

**I.      Relevant Background**

The Court entered its Scheduling Order in this action on October 7, 2016. (Doc. 12) At that time, Plaintiff was ordered to "disclose all expert witnesses in writing on or before September 1, 2017, and to disclose all rebuttal experts on or before October 30, 2017." (Doc. 12 at 3, emphasis omitted) In addition, Defendant was ordered to "disclose all expert witnesses in writing on or before October 2, 2017." (*Id.*) The Court further ordered that all non-expert discovery was to be completed no later than December 8, 2017. (*Id.*)

In a Joint Status Report regarding discovery dated July 3, 3017, the parties informed the Court that the bulk of their discovery would be completed by the beginning of August and they did "not

currently anticipate any impediments to [completing] discovery." (Doc. 23 at 2) The following month, however, the parties requested modification of the schedule, reporting they would be unable to timely complete non-expert and expert discovery within the timeframes previously ordered. (Doc. 25)

On August 15, 2017, the Court granted the joint motion to amend the case schedule in part, ordering the parties to complete all non-expert discovery no later than October 30, 2017, and expert discovery no later than January 19, 2018. (Doc. 26 at 2) Further, the Court ordered: "The plaintiff **SHALL** disclose her experts no later than **November 3, 2017** and the defendant **SHALL** disclose its experts no later than **November 29, 2017**. Plaintiff may disclose rebuttal experts no later than **December 22, 2017**." (*Id.*, emphasis in original)

On November 9, 2017, Defendant General Motors LLC filed an ex parte application to shorten time to hear its motion to modify the Court's Scheduling Order related to the disclosure of expert witnesses. (Doc. 35 at 1) Because Defendant failed to comply with Local Rule 144(e), the Court ordered Plaintiff to file a response to the motion. (Doc. 39) Plaintiff filed her opposition to the motion November 15, 2017 (Doc. 41), to which Defendant filed a response on the same date. (Doc. 42)

## II. Local Rule 144

Local Rule 144 governs ex parte applications for orders shortening time. In relevant part, the Rule provides:

> Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation of the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action. Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations are given effect. Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

Local Rule 144(e).

Orders shortening time are "reserved for the rare occasion where other options are unavailable." *Lema v. City of Modesto*, 2012 U.S. Dist. LEXIS 29699 at *3 (E.D. Cal. Mar. 6, 2012). Although Local Rule 144 "does not state what 'circumstances' justify the order or what a 'satisfactory explanation' is, but courts generally require that the applicant demonstrate circumstances showing that

(1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 2007 U.S. Dist. LEXIS 85849 at *2 (E.D. Cal. Nov. 8, 2007) (citing, *e.g.*, *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) (holding that ex parte "applications are not intended to save the day for parties who have failed to present requests when they should have"). As the Central District stated, the moving party "must show… [its] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### III. Discussion

Defendant asserts an order shortening time is necessary, because "[u]nder the present order, GM LLC is required to disclose its experts' opinions on November 29, 2017," and "GM LLC will not be able to comply with that deadline." (Doc. 36 at 1) Specifically, Defendant asserts it plans to depose Plaintiff's experts, and "will not be able to complete the depositions of plaintiff's liability experts until November 21, 2017, just 8 days (including the Thanksgiving holiday weekend) before GM LLC's expert disclosure is due." (Doc. 35 at 11) Further, Defendant asserts it "has not received all of the materials from plaintiff's experts…, so GM LLC's experts cannot complete their analysis of the opinions of plaintiff's experts." (*Id.*)

Importantly, the Federal Rules of Civil Procedure govern modification of the Court's Scheduling Orders, and offer mechanisms for seeking amendments to Court-ordered deadlines. *See* Fed. R. Civ. P. 16. Likewise, the scheduling order requires the parties to confer on discovery motions *before* any are filed and, should this fail to achieve resolution, to seek a conference with the court. (Doc. 12 at 4) There is no evidence this has occurred.[1]

### IV. Conclusion and Order

Defendant failed to comply with Local Rule 144 in seeking the order shortening time. Moreover, Defendant has failed to carry its burden to demonstrate the shortened time is necessary to avoid harm, or that Defendant will suffer irreparable prejudice with the motion being heard twenty-

---

[1] Counsel **SHALL** meet and confer related to Defendant's request within three court days. The Court expects counsel to act with courtesy and to attempt in good faith, to resolve any disputes that arise.

3

eight days after the date of service. Accordingly, the Court **ORDERS**:

1. Defendant's application for an order shortening time (Doc. 36) is **DENIED**;
2. Defendant's motion for modification of the Court's scheduling order (Doc. 35) is **SET** for hearing on **December 11, 2017** at 9:00 a.m.
3. Within three court days, counsel SHALL meet and confer and use all reasonable efforts to resolve this dispute.

IT IS SO ORDERED.

Dated: **November 20, 2017**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE